# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **JAVONPE' D. WINBUSH** | **CIVIL ACTION NO. 24-669-P** |
| **VERSUS** | **JUDGE HICKS** |
| **STATE OF LOUISIANA, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Javonpe' D. Winbush ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on May 20, 2024. On August 16, 2024, this complaint was stricken from the record and on September 6, 2024, it was reinstated. Plaintiff is incarcerated at the David Wade Correctional Center in Homer, Louisiana. He names the State of Louisiana, Detective Henry, Attorney Katherine Ferguson, and Judge Ramona Emanuel as defendants.

Plaintiff claims that on February 5, 2021, Detective Henry violated his Fifth Amendment rights. He claims Detective Henry contacted his mother who was his legal guardian about his current location, but did not inform his mother that he was being arrested and interrogated. He claims Detective Henry failed to notify his mother to be present at the station during the interrogation. He claims Detective Henry had his cousin present to

consent to the interrogation and waive his juvenile rights, instead of his mother. Plaintiff argues his cousin was not his legal guardian.

Plaintiff claims his guilty plea was involuntary because he received ineffective assistance of counsel. He claims he informed his counsel Katherine Ferguson that his legal guardian was not present during his interrogation. He claims Ferguson failed to investigate whether his incriminating statement was inadmissible. He claims Ferguson wrote in her notes that he asked for a deal for the armed robbery charge. He claims he never asked Ferguson about a deal for the armed robbery charge. Plaintiff claims he informed Ferguson that he was under the influence of drugs during his interrogation. He claims Ferguson failed to file a motion to suppress his statement. He claims Ferguson's notes state that he informed her that his juvenile interrogation form had no signature. He claims he never informed Ferguson that his juvenile interrogation form had no signature. He claims Ferguson wrote in her notes that because he pleaded guilty, she could not file a motion to suppress his statement, the evidence rules did not apply, and an adult was present. He also claims Ferguson failed to object when Detective Henry stated during questioning that he did not ask Plaintiff if he was under the influence. He claims Ferguson failed to argue and inform him that he was being subjected to double jeopardy. Plaintiff argues that Ferguson violated his Sixth Amendment rights.

Plaintiff claims that his convictions and sentences for armed robbery and principal to manslaughter violate his Fifth Amendment right against double jeopardy. He claims the

same evidence was used to support both convictions. Judge Ramona Emanuel is the judge who sentenced Plaintiff. He also claims his Fourteenth Amendment right to due process was violated when the State used his incriminating statement against him at his sentencing.

Plaintiff seeks to have the State of Louisiana reduce his sentence, release him from jail, or give him funds.

## LAW AND ANALYSIS

**Heck Claim**

Plaintiff claims he was wrongly convicted and sentenced for armed robbery and principal to manslaughter because of the actions of Defendants. Plaintiff is seeking monetary damages for his allegedly unconstitutional convictions and sentences. The United States Supreme Court held that in order to recover monetary compensation for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994). Courts have also extended the holding in Heck to claims seeking injunctive or declaratory relief pursuant to 42 U.S.C. § 1983. See Edwards v. Balisok, 520 U.S. 641, 648, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997); Clark v. Stalder, 154 F.3d 186, 190-91 (5th Cir. 1998). Heck involved a civil rights claim brought by a state prisoner. The Court dismissed the Section 1983 suit until plaintiff could

demonstrate that his conviction or sentence had been invalidated. When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary damages for civil rights violations under Section 1983; therefore, he must prove his convictions and/or sentences have been invalidated. He has not met this precondition, and his claims must be dismissed until such time that he can demonstrate that his convictions and/or sentences have been invalidated.

**Attorney Katherine Ferguson**

Plaintiff claims Attorney Katherine Ferguson provided him with ineffective assistance of counsel and violated his Sixth Amendment rights. Plaintiff does not specifically allege that Ferguson acted under color of state law.

Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. A plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law. Neither privately obtained nor court appointed defense attorneys act under color of state law for purposes of Section 1983.

Both a retained and a court appointed attorney serve their client, the accused; they do not serve the state. They serve a private function for their client that follows from the

Page **4** of **9**

very nature of the attorney-client relationship and for which no state office or authority are needed. Hence, neither a retained nor a court appointed attorney acts under color of state law and cannot be held liable under Section 1983. See Polk County v. Dodson, 454 U.S. 312 (1981); Ellison v. DeLa Rosa, 685 F.2d 959, 960 (5th Cir. 1982) (citing Polk County, supra); United States ex rel. Simmons v. Zibilich, 542 F.2d 259, 261 (5th Cir. 1976); Nelson v. Stratton, 469 F.2d 1155 (5th Cir. 1972); Richardson v. Fleming, 651 F.2d 366 (5th Cir. 1981); Mills v. Criminal District Court #3, 837 F.2d 677 (5th Cir. 1988)(citing Nelson, supra).

Accordingly, Plaintiff's civil rights claims against Attorney Katherine Ferguson should be dismissed as frivolous.

**Judge Ramona Emanuel**

Plaintiff claims Judge Emanuel was his sentencing judge and violated his Fifth and Fourteenth Amendment rights. Plaintiff cannot allege claims against Judge Emanuel. It is well established that judges enjoy absolute immunity from liability for damages arising out of performance of their judicial duties, regardless of bad faith. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213 (1967); Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099 (1978). Acts are judicial in nature if they are (1) normal judicial functions (2) that occurred in the judge's court or chambers and were (3) centered around a case pending before a judge. Brewster v. Blackwell, 692 F.2d 387, 396-97 (5th Cir. 1982). The conduct challenged by Plaintiff unequivocally falls within the judge's authority as judicial officer of the court and in the ordinary exercise of judicial duties.

Accordingly, Plaintiff's civil rights claim against Judge Emanuel should be dismissed as frivolous.

**State of Louisiana**

Plaintiff names the State of Louisiana as a defendant in this action and seeks monetary damages. "The Eleventh Amendment bars suits by private citizens against a state in federal court." K.P. v. LeBlanc, 627 F.3d 115, 124 (5th Cir. 2010). Congress has abrogated Eleventh Amendment immunity by the enactment of some federal statues, but 42 U.S.C. § 1983 is not one of them. Quern v. Jordan, 99 S.Ct. 1139 (1979). State law claims are also barred by the immunity. Richardson v. Southern University, 118 F.3d 450, 453 (5th Cir. 1997).

Accordingly, the State of Louisiana should be dismissed without prejudice because this court lacks subject matter jurisdiction.

**Habeas Claims**

To the extent that Plaintiff seeks to have his convictions and sentences overturned and his release from incarceration, his claims should be dismissed. A release from custody is not available through a civil rights action. See Calderon v. Ashmus, 523 U.S. 740, 747 (1998) (any claim attacking the validity or duration of confinement must be raised in a habeas corpus petition); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Such relief is available, if at all, in a habeas corpus action under 28 U.S.C. § 2254(a). To the extent Plaintiff seeks the dismissal of the convictions and sentences and his release from

incarceration, he fails to state a claim for which relief may be granted pursuant to 42 U.S.C. § 1983.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims seeking monetary damages for his allegedly unconstitutional convictions and sentences be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the Heck conditions are met. **IT IS FURTHER RECOMMENDED** that Plaintiff's claims against the State of Louisiana be **DISMISSED WITHOUT PREJUDICE** because this court lacks subject matter jurisdiction. **IT IS FURTHER RECOMMENDED** that Plaintiff's civil rights claims against Attorney Katherine Ferguson and Judge Ramona Emanuel be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e). **IT IS**

**FURTHER RECOMMENDED** that this action—insofar as it seeks the dismissal of the criminal convictions and sentences and his release—be **DISMISSED** for failing to state a claim for which relief may be granted pursuant to Section 1983.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 11th day of July 2025.

_____
Mark L. Hornsby
U.S. Magistrate Judge